Filed 11/15/23  In re I.Q. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re I.Q., a Person Coming Under the Juvenile Court Law. | C097050 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>I.Q.,<br><br>    Defendant and Appellant. | (Super. Ct. Nos. JD2022041,<br>JD2021199, JD2022001) |

I.Q. challenges a juvenile court's order denying his motion to suppress.  His motion concerned allegations in a wardship petition that he assaulted, robbed, and falsely imprisoned another person.  After the victim of this conduct identified I.Q. as one of her attackers, an officer searched the phone of someone who associated with I.Q., A.A., and found on A.A.'s social media information that tied I.Q. to the crime.  The officer thought he could search the phone because A.A. was on probation, dispatch said the probation terms included a search and seizure clause, and A.A. said his probation officer "always"

looked through his phone.  This information led the officer to believe that a condition of A.A.'s probation allowed searches of electronic devices.  But the officer later learned he was mistaken.

I.Q. afterward moved to suppress the information obtained from the search based on California's Electronic Communications Privacy Act (CalECPA; Pen. Code, § 1546 et seq.).  That law, as relevant here, generally bars a government entity from "[a]ccess[ing] electronic device information by means of physical interaction or electronic communication with [an] electronic device" (*id.*, § 1546.1, subd. (a)(3))—with an exception for searches based on a "clear and unambiguous condition of probation" (*id.*, subd. (c)(10))—and allows *any* person in a proceeding to move to suppress information obtained in violation of this requirement (*id.*, § 1546.4, subd. (a)).  Following a hearing, the trial court denied I.Q.'s motion, finding that the good faith exception to the exclusionary rule applied and disfavored suppression of the evidence.

On appeal, I.Q. contends the trial court misapplied the good faith exception to the exclusionary rule, reasoning that this exception should have been found inapplicable because the officer's mistake here was not reasonably made in good faith.  He also asserts that he has a right to object to the search of A.A.'s phone.  He acknowledges that, under traditional Fourth Amendment principles, he would not have a right to challenge the search because Fourth Amendment rights are personal and cannot be vicariously asserted. (See *Plumhoff v. Rickard* (2014) 572 U.S. 765, 778.)  But he contends the law is otherwise under CalECPA.  He reasons that under CalECPA's express terms, any person may move to suppress electronic information obtained in violation of the act.

We affirm, finding no need to delve into the merits of I.Q.'s claims.  I.Q.'s claims concern an alleged state law error in failing to suppress evidence.  Appellate courts review these types of errors under "the California harmless error standard ([Cal. Const.], art. VI, § 13) as explicated in *People v. Watson* (1956) 46 Cal.2d 818, 836."  (*People v. Frank* (1985) 38 Cal.3d 711, 730 (plur. opn. of Mosk, J.); see *People v. Blair* (1979) 25

Cal.3d 640, 650-655, 667 [reviewing under the *Watson* standard the trial court's failure to suppress evidence obtained in violation of California law].) "That standard requires us to evaluate whether the defendant has demonstrated that it is ' "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." ' " (*People v. Gonzalez* (2018) 5 Cal.5th 186, 195.) I.Q. has not made this showing here.

I.Q.'s argument on prejudice consists of three sentences and includes no citation to the record. He claims that the information in the warrant affidavits was derived from information unlawfully taken from A.A.'s cellphone, that this information led law enforcement to search his own phones and social media accounts, and that without the evidence from this latter search, the evidence would have been insufficient to support the juvenile court's findings that he committed the crimes of assault, robbery, and false imprisonment. But having failed to provide any citation to the record to back up these claims, I.Q. has failed to meet his burden to show prejudice. (See *People v. Hoyt* (2020) 8 Cal.5th 892, 939 ["by failing to support his appellate arguments with record citations, defendant has forfeited any claim of error on appeal"].)

### DISPOSITION

The order denying the motion to suppress is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
MESIWALA, J.